## CIRCUIT COURT OF THE CITY OF RICHMOND

Insurance Co. of North America

v.

Linwood C. Davis, Incapacitated,
Lloyd V. Hughes, Sr.,
Alma E. Hughes, and
Kevin M. Johnson

May 12, 1983

Case No. G-8074-3

By JUDGE WILLARD I. WALKER

This matter is before the court on plaintiff's action for declaratory judgment regarding insurance coverage of a shooting involving defendants Linwood Davis and Kevin Johnson. It is submitted for decision on depositions, the insurance policy, Davis's statement to the Richmond Police, and counsel's trial memoranda.

The pertinent facts are as follows: Defendants Lloyd and Alma Hughes were the named insureds under a homeowners insurance policy issued by plaintiff, Insurance Company of North America. Defendant Linwood Davis, son of the Hughes, was a resident relative of the named insureds and was, therefore, covered by the policy. Davis shot and injured Kevin Johnson, and Johnson brought an action against Linwood Davis and Lloyd and Alma Hughes under the terms of the Personal Liability section of the Hughes's insurance policy issued by INA. Johnson nonsuited the Hughes. Linwood Davis is a patient at Central State Hospital and pleaded not guilty by reason of insanity to the crimi-

nal charges resulting from the shooting of Kevin Johnson. The depositions taken from three mental health professionals, constituting the psychiatric testimony, indicate that Linwood Davis was mentally ill and suffering delusions at the time of the shooting.

Plaintiff, INA, contends that the shooting was not a covered "occurrence" within the terms of Section Two, Part I, paragraph A of the insurance policy, which section defines "occurrence" as "an accident, including injurious exposure to conditions which results, during the policy term, in bodily injury . . . ." Based on Davis's statement to Richmond police, in which he stated that he intended to shoot Kevin Johnson, and on statements contained in the psychiatric testimony, INA contends that the shooting was not an accident from Davis's point of view and that therefore there is no insured occurrence obligating the insurance company to defend or pay any judgment against the insureds.

The defendants contend that Davis was insane at the time of the shooting and that it was, therefore, an accident and an occurrence within the policy terms.

INA also contends that even if the incident is considered to be an occurrence within the policy terms, coverage is excluded by the language of Section Two, Part II, paragraph A(6) which provides that the policy does not apply to "bodily injury . . . which is either expected or intended from the standpoint of the *insured*." Plaintiff relies on the statements contained in the depositions of the mental health professionals and upon Davis's statement to the Richmond police to show that Davis expected and intended to shoot and injure Kevin Johnson.

Defendants Johnson and the Hughes contend that Davis was insane at the time of the shooting and was, therefore, incapable of an intentional act. They argue that the exclusion clause of the policy does not apply to bar coverage for the intentional acts of insane persons.

There are two issues to be resolved in this matter. The first is whether or not the incident is covered by the policy; the second is whether or not the incident, if covered, is excluded from coverage

because it was either expected or intended from the standpoint of the insured, Linwood Davis.

Regarding the first issue, I find that the insuring clause does apply and that the incident is covered by the terms of the policy. The clearest reading of the policy language indicates that an occurrence is an accident from the point of view of the victim, not from the standpoint of the insured. If the insurance company meant that it be from the standpoint of the insured, the language should have so stated, as it clearly does in the exclusion clause.

On the second issue, I find that the defendant, Linwood Davis, intended to shoot and injure Kevin Johnson and that the exclusion clause does apply to remove the incident from coverage. It has been argued that Davis was insane at the time of the shooting, but it is clear from the record that even though Davis was mentally ill, he was aware of his actions and of the consequences of those actions. He intended to shoot Kevin Johnson and he did so. This is to be distinguished from the actions of a person so insane as to not be aware of his actions or the consequences of his actions. In this case, Davis may have been prompted by or acting under delusional beliefs, but he was aware of what he was doing and intended the resulting injury.